UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON DIVSION

| | |
|---|---|
| Sarah Angeles, a/k/a Sarah Faber, individually and on behalf of all others similarly situated, Plaintiff, -v.- Debtsy, Inc., Velocity Investments, LLC and John Does 1-25. Defendants. | Civil Action No: _____ **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

Plaintiff Sarah Angeles, a/k/a Sarah Faber (hereinafter, "Plaintiff"), an Ohio resident, brings this Class Action Complaint by and through her attorneys, Zukowsky Law LLC, against Defendant Debtsy, Inc. (hereinafter "Defendant Debsty") and Defendant Velocity Investments, LLC (hereinafter "Defendant Velocity"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

1

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws ·were inadequate, Id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Ohio consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Ohio, County of Stark, residing at 4030 Greenford Ave SW, Massillon, OH 44646.

8. Defendant Debtsy is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 130 West 25th Street 6C, New York, NY 10001.

9. Upon information and belief, Defendant Debtsy is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Velocity is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1800 State Route 34 Ste 305, Wall Township, NJ 07719-9168.

11. Upon information and belief, Defendant Velocity is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of Ohio;

    b. to whom Defendant Debtsy sent an initial collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Velocity;

    d. that misleadingly states that the consumer can dispute the alleged debt orally to be effective;"

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e, and §1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to November 18, 2020, an obligation was allegedly incurred to the Bank of Missouri.

24. The Bank of Missouri obligations arose out of transactions incurred by Plaintiff with The Bank of Missouri in which money, property, insurance or services, which are the subject of the transaction, were incurred for primarily for personal, family or household purposes., specifically a Fortiva credit card.

25. The alleged The Bank of Missouri obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. The Bank of Missouri is a "creditor"(s) as defined by 15 U.S.C.§ 1692a(4).

27. The Bank of Missouri purportedly sold the alleged debt to Defendant Velocity, who contracted with the Defendant Debtsy to collect the alleged debt.

28. Defendants collect and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – November 18, 2020 Collection Letter*

29. On or about November 18, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to "The Bank of Missouri.". **See Attached hereto as Exhibit A.**

30. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

(emphasis added)

31. The Letter contains the G-Notice and states in pertinent part: "Unless you dispute said debt, or any portion thereof, within 30 days after your receipt of this letter, we shall assume the validity of this debt. Upon your written notification within such 30-day period that this debt, or any portion thereof, is disputed, we shall obtain verification of the debt or a copy of a judgment, if any, against you and send you a copy of such verification or judgment. Furthermore, upon your written request within said 30-day period, we shall provide you with the name and address of the original creditor, if different from Velocity Investments, LLC.

32. The Letter further states: "We encourage you to visit our website to pay the debt, dispute the debt, request debt validation, or learn more information about the account."

33. Finally, the Letter states, "You may also send a letter to Debtsy, Inc., 4 East 27th Street, PO Box 20099, New York, NY 1001-9998, call us at (866)300-1169, or email us at contact@debtsy.com. Please include your PIN in all written communications.

34. The Letter states that Plaintiff can dispute by "written notification," which could reasonably be understood to mean by a letter sent from Plaintiff to Defendant.

35. Yet, the letter "encourages" the Plaintiff to visit the website and dispute the debt or request the validation, which implies that disputes can be made online and not through writing, contradicting the earlier statement that written notification was necessary for a dispute.

36. It is confusing and contradictory to state that a dispute must be written, yet also state that disputes can be made online, without clarifying.

37. Further confusing and misleading is the Defendant's statement that Plaintiff may send a letter, call the Defendant or email the Defendant.

38. Defendant implies that a letter or phone call would be equally effective with regards to a dispute which is simply not true.

39. This is a false statement and contradicts the rights contained in the G-Notice.

40. Under the required guidelines of the FDCPA, the consumer must (1) dispute the debt <u>in writing</u> to receive verification of the debt and (2) must submit a <u>written</u> request to receive the identity of the original creditor. §§1692g(a)(4) and 1692g(a)(5).

41. Therefore, the statement implied in the Letter that disputes can be made orally contradicts the requirements of the G-Notice and make it unclear to the consumer whether all disputes can be made orally or need to be in writing.

42. This false and inaccurate portion of the Letter is deceptive and misleading because it fails to advise Plaintiff of the proper method for exercising her validation rights under the FDCPA.

43. Plaintiff sustained an informational injury as she was not fully apprised of her rights and responsibilities necessary to properly exercise her options under §1692g.

44. Plaintiff effectively waived her rights to this statutorily available information because she was not properly informed of the "G-Notice" requirements set forth in the FDCPA.

45. Plaintiff was therefore unable to straightforwardly dispute the debt resulting in wasted time.

46. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

47. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

48. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

49. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

50. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

51. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

52. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

53. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

54. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

55. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §1692e(10).

59. Due to the fact that Defendant's conduct violated Section 1692e et seq. of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g** *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

62. Pursuant to 15 U.S.C. §1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as the "G Notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

63. Defendant violated this section by deceptively misrepresenting the requirements of §§1692g(a)(4) and (5) in omitting the requirement that the consumer must dispute or request information <u>in writing</u> as required under the FDCPA.

64. Plaintiff sustained an informational injury as she was wrongfully misinformed that she need not dispute the debt in writing.

65. Plaintiff was harmed due to the fact that she was misled into believing that she was not required to dispute her debt in writing.

66. Due to the fact that Defendant's conduct violated Section 1692g et seq. of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

**DEMAND FOR TRIAL BY JURY**

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sarah Angeles, a/k/a Sarah Faber individually and on behalf of all others similarly situated demands judgment from Defendant Debtsy and Defendant Velocity as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Amichai Zukowsky, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  September 14, 2021                                         Respectfully Submitted,

                                                                          BY:/s/ Amichai Zukowsky

        <u>Amichai E. Zukowsky</u>
        *Attorney for Plaintiff*
        Amichai E. Zukowsky, Esq.
        Zukowsky Law, LLC
        23811 Chagrin Blvd, Suite 160
        Beachwood, OH 44122
        Phone: 216.800.5529
        Email: ami@zukowskylaw.com